IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM RANDALL BURNETTE, ) | |
| AIS, #135390, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-146-WHA |
| ) | |
| KARLA JONES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by William Randall Burnette ("Burnette"), a state inmate currently incarcerated in the infirmary at the Easterling Correctional Facility due to his need for use of a wheelchair.  In this complaint, Burnette, alleges he is denied access to legal materials, services, privileges and favorable prison programs while confined in the infirmary. Burnette argues that the actions of the defendant have violated his constitutional rights, Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The plaintiff filed requests for emergency injunctive relief (Doc. No. 1 at 4) and (Doc. No. 8), which the court construed as motions for preliminary injunction, and filed a motion for preliminary injunction on March 11, 2016 (Doc. No. 7).

The court directed the defendant to show cause why Burnette's motions for preliminary injunction should not be granted. *Order of March 4, 2016 - Doc. No. 5* and *Order of March 11, 2016 - Doc. No. 9*. The defendant filed a response to this order on March 28, 2016, supported by her affidavit, in which she asserts that Burnette's request for preliminary injunctive relief is due to be denied.

Upon review of the motions for preliminary injunction and the response thereto filed by the defendant, the court concludes that these motions are due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Burnette demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial*

*Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In her response to the motions for preliminary injunction, the defendant asserts that Burnette has been provided access to legal materials and services in a manner conducive to his physical condition. She also asserts that Burnette has not been denied participation in programs for which he is eligible. Specifically, Warden Jones provides the following information:

Inmate Burnette, who is currently assigned to the infirmary, is in no danger at Ventress (nor more or less than any other inmate at Ventress assigned to the infirmary). He is certainly not at risk of any form of retaliation by myself or the prison staff. Mr. Burnette was assigned to the infirmary for his own good and based on what is perceived to be his physical limitations and his apparent need to be placed in a wheel chair. I am not a medical professional. I leave medical decisions up [to] the medical professionals retained by Corizon Healthcare, Inc., the third party medical care provider retained by ADOC. I am aware that Mr. Burnette is being evaluated by [the] medical staff for his medical and physical condition. His assignment could be changed or modified based on the results of those evaluations.

LEGAL MATERIALS: It is the policy at Ventress Correctional Facility to not allow inmates who are assigned to the Infirmary to exit the Infirmary to physically access the institutional law library. It is however, the policy at Ventress Correctional Facility to allow inmates who are housed in the Infirmary to access law library materials by submitting a written request for the desired materials up to three (3) times per week. It is also the policy at Ventress Correctional Facility that requested law library materials be taken to the inmate housed in the Infirmary. Furthermore, it is the policy at Ventress Correctional Facility that the inmate will sign for the requested law library materials upon receipt of the materials. These legal materials are provided by inmates (law clerks) who work in the law library. These law clerks have direct access to all the law books, legal materials, and the computers in the law library. They can perform legal research for Burnette and deliver him the results of their work. Inmate Burnette has been advised of the institution's policy and its procedure regarding the access of law library materials.

PHONE: There is a phone in the hallway of the infirmary and inmates are allowed to use it during the night shift . . . or when there are no treatments being conducted.

STORE OR CANTEEN ACCESS: Inmate Burnette, like all inmates in the infirmary and other inmates with restricted movement, can place written "store orders" that facilitate commissary access. The purchased store items are brought to the inmate making the written order after the purchase is complete.

PROGRAMS: Inmate Burnette, as far as I am aware, is not a candidate for, nor has he requested access to educational or religious programs. If such a request is made, Mr. Burnette otherwise qualifies, and there is a current opening, the need for access to such programs will be further evaluated.

   ACCESS TO YARD (Outdoor exercise)-Inmates assigned to the infirmary have no access to outdoor "yard call" but nothing prevents them from exercising inside the infirmary (within reasonable limits).
   GENERALLY: Given the obvious physical and medical limitations of inmates assigned to the Ventress infirmary, our staff limitations, and security concerns, we do our best to give these inmates reasonable access to all required activities.

*Exh. 1 to the Defendant's Response – Doc. No. 20-1* at 1-3.

Turning to the prerequisites for issuance of preliminary injunctive relief, the court finds that Burnette has failed to demonstrate either a substantial likelihood of success on the merits of his claims or that there is a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.

The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendant, as issuance of the injunction would have an unduly adverse impact on the ability of correctional officials and medical personnel to exercise their professional judgment in determining the most efficient manner in which to provide access to legal materials, services and privileges for inmates with medical conditions that limit their physical mobility. Finally, the public interest element of the equation is, at best, a neutral factor.

In light of the foregoing, the undersigned concludes that Burnette has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before April 18, 2016, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this the 4th day of April, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge